(112 App. Div. 917)

## DOUGHERTY v. McCOLLUM.

(Supreme Court, Appellate Division, Second Department. April 27, 1906.)

TRIAL—DISMISSAL—FAILURE TO ANSWER QUESTIONS.

    The court is not justified in dismissing the complaint because of failure of plaintiff to satisfactorily answer questions on cross-examination; it appearing that there was no intentional or willful defiance of the court, but that he was trying to answer the questions.

Appeal from Municipal Court of New York.

Action by John T. Dougherty against Alexander J. McCollum. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and HOOKER, GAYNOR, RICH, and MILLER, JJ.

Charles Goldzier, for appellant.

Rodolphe Claughton, for respondent.

RICH, J. This action was brought to recover a balance alleged to be due the plaintiff for services. Upon the trial and before the plaintiff had rested his case, the court, upon its own motion, dismissed the complaint because of plaintiff's failure satisfactorily to answer questions propounded by defendant's counsel upon cross-examination. The proceeding was as follows:

"Q. Why were you at his house that night? A. He invited me down to talk it over. Q. To talk what over? A. To talk the business over. Q. What did you say? A. He said he didn't want anybody to know anything about his business. Mr. McDermott: I move to strike it out as not responsive. Motion granted. Stricken out. Q. What did you say? A. We talked the ice business over from beginning to end; that's what I said, and that's what he said. The Court: Strike that out; if he don't answer the question, I will dismiss the complaint. Q. Will you tell me the first thing you said, the very first time you went into Mr. McCollum's house? A. I told him everything I knew about the ice business, and he told me to go ahead. The Court: Complaint dismissed. Gentlemen of the jury, you are discharged."

We are convinced that there was no intentional or willful defiance of the court; on the contrary, we believe the witness was trying to answer the questions, and an effort on the part of the trial justice to aid him might have been wise. There was nothing in the conduct of the witness which would justify the court in inflicting such a punishment, and its action was without authority.

The judgment must therefore be reversed, and a new trial ordered; costs to abide the event. All concur.